**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**STEPHEN WEARY
and ROBIN WEARY**                                                                      **PLAINTIFFS**

v.                                      **CASE NO. 5:09cv00225 BSM**

**STRONG MANUFACTURING
COMPANY, INC. and JOHN DOES 1-5**                                **DEFENDANTS**

<u>**ORDER**</u>

Defendant Strong Manufacturing Company, Inc. ("Strong") moves for summary judgement. [Doc. No. 22]. Plaintiffs, Stephen Weary and Robin Weary (hereinafter collectively referred to as "the Wearys"), object. [Doc. No. 36]. The motion is denied for the reasons set forth below.

I. FACTS

Stephen Weary, a resident of Virginia, was employed by Sound Structures, Inc. ("Sound Structures"), a Virginia corporation with its principal place of business in Virginia. Plaintiffs' response to statement of undisputed material facts ("pltfs' resp. to sof"), ¶¶ 10, 12. On September 5, 2006, he was injured while working on a job for Sound Structures in Rising Sun, Maryland. *Id.* at ¶ 12. He was injured when he stood on a grate that covered a mixed product hopper on a mobile grout and mortar mixing unit ("the unit"), and the grate gave way and his feet were caught in a rotating auger at the bottom of the mixed product hopper. *Id.*

Following his injury, Stephen Weary filed for workers compensation in Virginia and the claim was settled with Sound Structures. *Id.* at ¶ 14. This case was then filed on August

12, 2009, against Strong, the Arkansas corporation that manufactured the unit, alleging strict liability and negligence. *Id*. at ¶¶ 2, 17. Strong now moves for summary judgment, asserting that Stephen Weary's case is time barred because he failed to file it within one year as required by Virginia's statute of limitations. Weary objects, asserting that Arkansas's three year statute of limitations applies.

## II. DISCUSSION

The question presented is fairly straight-forward: what statute of limitations applies when a Virginia resident, employed by a Virginia company, working on a job in Maryland, files suit in Arkansas against an Arkansas defendant for an injury caused by a product manufactured in Arkansas? Strong argues that Virginia's one year statute of limitations applies while plaintiffs assert that Arkansas's three year statute of limitations applies.

When determining choice-of-laws questions, Arkansas courts apply the doctrine of *lex loci delicti* and the five choice-influencing factors established by Dr. Robert A. Leflar, distinguished professor of law at the University of Arkansas School of Law. The five factors are: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *Ganey v. Kawasaki Motors Corp.*, U.S.A., 366 Ark. 238, 251 (2006). "Under the doctrine of *lex loci delicti*, the law of the place where the wrong took place is the proper choice of law." *Id*. at 251. *Lex loci delicti* mandates that "in tort cases, where damages are sought for personal injuries, the substantive law of the state where the accident occurred is controlling." *Wallis v. Mrs. Smith's Pie Co.*, 261 Ark. 622,

626 (1977).

Weary, of course, was injured in Maryland, where the statute of limitations for personal injury cases, including those alleging strict liability, is three years. Md. Code Ann., Cts. & Jud. Proc., § 5-101 (1984). Neither party, however, asserts that Maryland law should apply. Further, the only connection this case has to Maryland is the fact that Maryland is where Weary was injured. All other connections point to the application of Virginia or Arkansas law.

Both parties agree that the predictability of results factor is not implicated herein. This is because both Arkansas and Virginia law allow recovery in negligence and products liability actions. Indeed, in *Hughes v. Wal-Mart Stores, Inc.*, 250 F.3d 618, 620 (8th Cir. 2001), the Eighth Circuit held that "[t]he predictability of results is not implicated when an action arises out of an accident . . . "

The second consideration, maintenance of interstate and international order, also fails to weigh in favor either Arkansas or Virginia law. This is the case because both Arkansas and Virginia have significant relationships to the parties. The plaintiffs live in Virginia, while defendant is domiciled in Arkansas and the product at issue was manufactured in Arkansas.

For the third factor, simplification of the judicial task, Arkansas courts have looked to see which state's law is outcome-determinative and easy to apply. *Ganey*, 366 Ark. at 252; *Schubert v. Target Stores, Inc.*, 360 Ark. 404, 411 (2005); *Gomez v. ITT Educ. Servs., Inc.*, 348 Ark. 69, 78-79 (2002). Virginia's law is outcome-determinative because it would bar the claim. It is also easy to apply. Therefore, this factor weighs in favor of applying Virginia law.

3

Leflar's fourth factor, advancement of the forum's governmental interest, weighs in favor of applying Arkansas law. This is true because Arkansas's governmental interest is determined by its contacts with the litigation. *Schubert*, 360 Ark. at 411. Here, defendant Strong is an Arkansas corporation and the product at the center of this case, a mobile grout and mortar mixing unit, was manufactured in Arkansas.

The fifth consideration, application of the better rule of law, also weighs in favor of applying Arkansas law. This is the case because logic would dictate that a company should not be permitted to manufacture a product and place it into the stream of commerce and then assert that its home state's statute of limitations does not apply. Indeed, the Virginia statute, which would deny plaintiffs of their day in court, would apply only because that is where the plaintiffs live. It is not where defendant resides. It is not where the product at issue was manufactured. Further, it is not even where the injury occurred.

The fourth and fifth Leflar factors weigh in favor of applying Arkansas law. Arkansas law provides a three year statute of limitations. The Wearys' claims may therefore proceed.

## III. CONCLUSION

Accordingly, Strong's motion for summary judgment [Doc. No. 22] is denied.

IT IS SO ORDERED this 29th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE